We are called upon to grant a new trial in this case, not because upon the record the defendant is not entitled to judgment, not for error in law in the charge of the presiding judge, for to that no exception can be taken, but for that the judge below should have granted a new trial, because the verdict is contrary to law, for it is our duty to revise and correct his errors of every description. But it is believed that this error of the judge, if it be one, is not examinable by this Court, for want ofpower to ascertain the fact that the verdict is contrary to law. It is true that the judge below, having a power to set aside the verdict and grant a new trial, because the jury have found contrary to law or contrary to evidence, has, as necessarily incident thereto, the power to raise the veil which separates him from the jury and look into the evidence; but betweenthis Court and the evidence there is an impenetrable wall; and the judge below cannot communicate to us his view of the evidence, so as to enable this Court to ascertain whether he has drawn a right or wrong conclusion from it, either in fact or in law, for he cannot draw the conclusion of law without first ascertaining how the facts are. Many other points were made in the argument, but it is unnecessary to examine them. The judgment of the court below must therefore be affirmed.
TAYLOR, C. J., concurred.
PER CURIAM. No error.
Cited: Bank v. Hunter, 12 N.C. 121; McRae v. Lilly, 23 N.C. 119;Terrell v. Wiggins, ib., 173. *Page 220 
(394)